DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN GOODMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4479

[October 25, 2017]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 502010CF005829 AMB.

Margaret Good-Earnest and Cherry Grant of Good-Earnest Law, P.A., Lake Worth, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

**ON MOTION FOR REHEARING**

WARNER, J.

In his motion for rehearing, appellant contends that we did not apply the analysis of *California v. Trombetta*, 467 U.S. 479 (1984), correctly. He contends the Bentley should have been considered as "possess[ing] an exculpatory value that was apparent before [the evidence] was destroyed," in that his expert had already developed opinions regarding the malfunction of the vehicle to which he testified in the first trial. *Id.* at 489. Instead, he asserts that we addressed the Bentley as only potentially exculpatory evidence if subject to additional tests which could exonerate the defendant. *Arizona v. Youngblood*, 488 U.S. 51, 57 (1988).

Addressing appellant's contention that the Bentley had exculpatory value when it was destroyed, we still do not find that it meets the *Trombetta*

test.  Even if the Bentley had exculpatory value before it was destroyed,[1] it was not of "such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." *Trombetta*, 467 U.S. at 489.  The useful evidence from the Bentley had already been obtained from the vehicle and used by the expert as the foundation of his opinion regarding the malfunction of the vehicle.  He was able to give his opinion in the second trial, just as he did in the first trial.  Thus, it was the expert's opinion, not the presence of the Bentley, which furnished the materially exculpatory evidence.

Although the initial brief focused exclusively on the malfunction of the Bentley in addressing its exculpatory value, in the last paragraph of the reply brief appellant also maintained that the physical condition of the vehicle was exculpatory and thus required the presence of the vehicle in the second trial.  In the motion for rehearing, appellant makes this a feature of his argument.  However, there were a multitude of photos of the vehicle used by witnesses and experts.[2]  Appellant has not shown that the vehicle was of such a nature that the defendant would be "unable to obtain comparable evidence by other reasonably available means." *Id.*  Therefore, we still find that *Trombetta* does not compel dismissal of the charge.

We deny the motion for rehearing on all issues, although we note that in discussing the motion to suppress the blood draw we did erroneously state that four hours, rather than three, passed between the accident and the blood draw.  That factual error does not change our analysis or conclusions.

TAYLOR and LEVINE, JJ., concur.

---

[1]  One could question whether the Bentley had exculpatory value, as the jury found appellant guilty beyond a reasonable doubt at the first trial when all of the expert's testimony and the Bentley were presented.  No other case has this unique circumstance of having a first trial at which the defendant was convicted even with the presentation of the evidence now alleged to be materially exculpatory.

[2]  The record shows that the court admitted at least fifty-four pictures of the Bentley and its parts.